UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTAR ROWE,

    Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.,

    Defendant.

Case No. 2:23-cv-3703
JUDGE EDMUND A. SARGUS
Magistrate Judge Elizabeth P. Deavers

## ORDER

This matter is before the Court on Defendant JP Morgan Chase Bank N.A.'s Motion to Consolidate. (Mot., ECF No. 5.) JP Morgan seeks an order from the Court consolidating this case ("Second Action," Case No. 2:23-cv-3703) with a related, earlier-filed case ("First Action," Case No. 2:23-cv-1704). (*Id*.) Mr. Rowe opposes that Motion. (Opp., ECF Nos. 6, 7.)

Federal Rule of Civil Procedure 42(a)(2) gives the Court discretion to consolidate cases if they involve common questions of law or fact. When cases share the same legal theories or factual issues, consolidation more efficiently utilizes judicial resources because discovery and witness testimony will likely overlap. *MacLean v. Evans, Mechwart, Hambleton & Tilton, Inc.*, No. 2:09-cv-521, 2009 U.S. Dist. LEXIS 83553, at *3 (S.D. Ohio Sep. 14, 2009). To consolidate cases, however, there need not be a "complete identity of legal and factual issues" between the cases. *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-cv-136, 2010 U.S. Dist. LEXIS 87844, at *2 (S.D. Ohio Aug. 3, 2010). Deciding related cases together also avoids inconsistent judgments on the same record or legal issues. *MacLean,* 2009 U.S. Dist. LEXIS 83553, at *6. Accordingly, so long as neither party will be unfairly prejudiced, Rule 42(a) favors consolidation. *Albert v. Honda Dev. & Mfg. of Am., LLC*, No. 2:22-cv-694, 2023 U.S. Dist. LEXIS 15734, at *11 (S.D. Ohio Jan. 30, 2023).

JP Morgan argues that both Actions relate to Mr. Rowe's employment with, and separation from, JP Morgan and are subject to the arbitration agreement Mr. Rowe signed when he accepted an offer of employment with JP Morgan. (Mot., ECF No. 5, PageID 393–95.) Mr. Rowe asserts that the two lawsuits are distinguishable. (Opp., ECF Nos. 6, 7.) He argues that the First Action addresses only the enforceability of the arbitration agreement, while the Second Action raises tort claims for injuries Mr. Rowe suffered. (ECF No. 7, PageID 453–54.)

Here, the First and Second Actions share several commonalities. They involve identical parties and counsel and relate to Mr. Rowe's employment with JP Morgan. The Second Action asserts significantly more tort claims against JP Morgan, but those claims (conspiracy, assault, negligence, and trespass to chattels) share common questions of law and fact as the claims asserted in the First Action. In both actions, JP Morgan argues an arbitration agreement applies, requiring a stay. Thus, while the two cases may not pose identical issues, they share common questions of law and fact to warrant consolidation under Rule 42(a). Consolidation will promote efficiency, conserve judicial resources, and avoid inconsistent judgments.

For the reasons above, the Motion (ECF No. 5) is **GRANTED,** and the Court **ORDERS** that this case (Case No. 2:23-cv-3703) be consolidated with the First Action (Case No. 2:23-cv-1704). The parties are **DIRECTED** to file only in the earlier-filed case, the First Action (Case No. 2:23-cv-1704). Both cases remain open.

    **IT IS SO ORDERED.**

**1/4/2024**                                                           s/Edmund A. Sargus, Jr.
**DATE**                                                                 **EDMUND A. SARGUS, JR.**
                                                                         **UNITED STATES DISTRICT JUDGE**